# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAP REFRIGERATION, INC.**, | : | |
| | : | Case No. 19-cv-3729-JMY |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **NEW ALBERTSONS, L.P.**, | : | |
| | : | |
| *Defendant* | : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                **DECEMBER 20, 2019**

In this action, MAP Refrigeration, Inc. ("Plaintiff") seeks to recover outstanding invoiced fees owed for refrigeration and heating, ventilation, and air conditioning equipment and services that were provided by Plaintiff to New Albertsons, L.P. ("Defendant").

Now before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Mot.," ECF No. 18). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons that follow, Defendant's Motion will be granted in part and denied in part.

### I. BACKGROUND

Unless otherwise noted, the following facts and allegations are taken from Plaintiff's Amended Complaint ("AC," ECF No. 16). "Plaintiff provides refrigeration and heating, ventilation, and air conditioning equipment, installation, repairs, and services." (*Id.* ¶ 7.) "Defendant owns and operates various grocery store chains[,]" including: Acme Markets, Albertsons, and Safeway. (*Id.* ¶ 8.)

On May 18, 2016, the parties entered into two contracts: (1) an HVAC Maintenance Service Agreement ("HVAC Contract"); and (2) a Refrigeration Maintenance Service Agreement ("Refrigeration Contract") (collectively, the "Contracts"). (*Id*. ¶¶ 9, 12.) The HVAC Contract "required Plaintiff to provide equipment and services for heating, ventilation, and air conditioning maintenance, repair, replacement, and installation at Acme grocery stores owned and operated by Defendant throughout Pennsylvania and Delaware for a two year term[.]") (*Id*. ¶ 10.) Likewise, the Refrigeration Contract "required Plaintiff to provide equipment and services for refrigeration maintenance, repair, replacement, and installation at Acme grocery stores owned and operated by Defendant throughout Pennsylvania and Delaware for a two year term[.]" (*Id*. ¶ 13.)

According to Plaintiff, it "provided refrigeration and HVAC services to Defendant at the specified Acme stores as requested by Defendant and as set forth in the Contracts." (*Id*. ¶ 20.) "Plaintiff timely submitted invoices to Defendant for payment as provided for in the Contracts [and] Defendant did not object to or otherwise dispute Plaintiff's invoices." (*Id*. ¶¶ 22-23.) Plaintiff now avers that "Defendant failed and refused to pay many of those invoices[.]" (*Id*. ¶ 24.) Specifically, Plaintiff asserts that Defendant has "accumulated an outstanding unpaid balance for Plaintiff's work at Pennsylvania stores in the amount of $285,847.29 and at the Delaware stores in the amount of $168, 785.96." (*Id*. ¶ 25.) Ultimately, the Contracts were "terminated in or around July 2018 as a result of Defendant's failure to pay Plaintiff in accordance with the Contracts." (*Id*. ¶ 26.)

Based on the forgoing, Plaintiff filed this action on August 19, 2019. (ECF No. 1.) On November 8, 2019, Plaintiff filed the Amended Complaint, in which Plaintiff asserts six claims for relief: (1) breach of contract (HVAC Contract); (2) breach of contract (Refrigeration

Contract); (3) account stated; (4) unjust enrichment; (5) Pennsylvania's Contractor and Subcontractor Payment Act; and (6) Delaware Construction Prompt Payment Act. (*See* AC ¶¶ 37-82.)

Defendant filed the instant Motion to Dismiss on November 25, 2019. Plaintiff filed its opposition to Defendant's Motion on December 5, 2019 ("Opp.," ECF No. 21). Defendant filed a reply on December 12, 2019 ("Reply," ECF No. 25).

## II. LEGAL STANDARD

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id*. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly

3

give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990). However, a court need not grant leave to amend when amendment would be futile. *City of Cambridge Retirement Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).

### III. DISCUSSION

Defendant seeks dismissal of Counts III-VI (*see* AC ¶¶ 51-82) on the grounds of failure to state a claim upon which relief can be granted. (Mot. at 3.)[1] In response, Plaintiff avers that it "has sufficiently pled [its] claims[.]" (Opp. at 1.)[2] The Court will discuss each claim in turn.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Plaintiff also contends that Defendant's Motion to Dismiss "is procedurally improper and untimely" because Defendant "filed the Motion to Dismiss *at the same time* that it filed its Answer to the Amended Complaint." (Opp. at 4 (emphasis added).) The Court disagrees with Plaintiff's characterization of the facts. A motion under Rule 12(b) "must be made before pleading." Fed. R. Civ. P. 12(b). Based on the Court's records, Defendant filed its Partial Motion to Dismiss at 12:13 p.m. EST, and thereafter filed its Partial Answer at 2:23 p.m. EST. (*Compare* ECF Nos. 18, 19.) Accordingly, the Court finds that Plaintiff's argument is without merit.

### A. Account Stated

Defendant contends that the account stated claim must be dismissed because "Plaintiff's Amended Complaint here only contains a threadbare, conclusory allegation that Defendant assented to the account." (Mot. at 6.)

An "account stated" is an account in writing that has been "examined and accepted by both parties." *Leinbach v. Wolle*, 61 A. 248, 248 (Pa. 1905); *see also Bill Goodwin Const., LLC v. Wondra Const., LLC*, No. 13-157, 2013 WL 4005307, at *6 (M.D. Pa. Aug. 5, 2013) (citing *Leinbach*). Account stated is a separate cause of action independent from an underlying contract. *Richburg v. Palisades Collection LLC*, 247 F.R.D. 457, 464-65 (E.D. Pa. 2008). It is not an action arising out of the parties' contract. *Id*. Thus, once the account is stated and accepted, the cause of action is based on the account stated and not the underlying contract. *Id*. at 464.

To establish an account stated, one party must render the account and the other party must accept it. *C-E Glass v. Ryan*, 70 Pa. D. & C. 2d 251, 254 (Pa. Ct. Com. Pl. 1975) (citing Pennsylvania Law Encyclopedia); 13 Pa. Law Encyc. § 513 (2019). Acceptance of an account may be express or implied. *Robbins v. Weinstein*, 17 A.2d 629, 634 (Pa. Super. Ct. 1941). Acceptance is implied where a party receives and retains invoices without objecting within a reasonable period of time. *See Bill Goodwin Const.*, 2013 WL 4005307 at *6 (citing Restatement (Second) of Contracts § 282(1) and *Donahue v. City of Phila.*, 41 A.2d 879, 881 (Pa. Super. Ct. 1945)). To prove implied acceptance from a failure to object to the account, the complaining party must show a pattern or history of the parties settling accounts by rendering account statements over a period of time and an extended series of transactions. *See, e.g., C-E Glass*, 70 Pa. D. & C.2d at 254. However, "[a]n allegation that a defendant never contested its bills is not sufficient to show acquiescence in the correctness of the account." *Line Sys., Inc. v.*

*Sprint Nextel Corp.*, No. 11-6527, 2012 WL 3024015, at *20 (E.D. Pa. July 24, 2012) (dismissing account stated claim for failure to plead sufficient allegations); *see also Power Restoration Int'l, Inc. v. Pepsico, Inc.*, No. 12-1922, 2013 WL 5636618, at *6 (E.D. Pa. Oct. 11, 2013) (same); *see also Braverman Kaskey, P.C. v. Toidze*, No. 9-3470, 2011 WL 4851069, at *4 (E.D. Pa. Oct. 12, 2011) ("Under Pennsylvania law, [plaintiff's] allegation that [defendant] never contested its bills is not sufficient to show acquiescence in the correctness of the account.").

In its Amended Complaint, Plaintiff only alleges that "Defendant did not object to or otherwise dispute Plaintiff's invoices." (AC ¶¶ 23, 53.) Accordingly, the Court agrees that Plaintiff does not support its claim for account stated. However, because Plaintiff may be able to amend its claim to adequately allege an account stated claim, the Court will dismiss Count III without prejudice.

### B. Unjust Enrichment

Defendant contends that "Plaintiff's claim for unjust enrichment is barred" because the "doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement or express contract." (Mot. at 7.) In response, Plaintiff contends that "unjust enrichment can be pled in the alternative to breach of contract[.]" (Opp. at 7.)

Defendant is correct that an unjust enrichment claim is inconsistent with a breach of contract claim. However, under the circumstances here, Plaintiff is entitled to plead these two claims in the alternative at this stage in the proceedings. *See* Fed. R. Civ. P. 8(d)(2) (stating that a party may set out two or more statements of a claim alternatively); *see also Century Indem. Co. v. URS Corp.*, No. 08-5006, 2009 WL 2446990, at *5 (E.D. Pa. Aug. 7, 2009) ("A claim of unjust enrichment may, however, 'be pled in the alternative to a breach of contract claim,

although the finding of a valid contract would prevent a party from recovering under an unjust enrichment theory.'" (quoting *Cornell Co. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 266 (E.D. Pa. 2007))); *see also Sheinman Provisions, Inc. v. Nat'l Deli*, No. 8-453, 2008 WL 2758029, at *4 (E.D. Pa. July 15, 2008) (stating that courts in this District "have permitted plaintiffs to pursue alternative theories of discovery [under Rule 8(d)(2)] based on breach of contract and unjust enrichment, even where the existence of a contract would preclude recovery for unjust enrichment."). This Court agrees with these authorities and concludes that the claim for unjust enrichment may proceed at this time.

### C. Pennsylvania's Contractor and Subcontractor Payment Act; Delaware Construction Prompt Payment Act

Defendant contends that "the state statutes are inapposite as Plaintiff did no construction[,]" and, therefore, Plaintiff's claims under both statutes must be dismissed. (Mot. at 7-9.) In response, Plaintiff contends that the Contracts fall under the plain language of both state statutes and, therefore, dismissal would be improper. (*See* Opp. at 8-12.)

The Court finds it inappropriate to attempt to resolve this issue at this stage in the litigation. The Court notes that the applicability of these state statutes may be further illuminated during discovery based upon a review of the work performed, as well as the parties' expectations and course of conduct. Accordingly, Defendant's Motion is denied without prejudice with leave to renew by motion for summary judgment at the close of discovery.

### IV. CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part Defendant's Motion to Dismiss. An appropriate Order will follow.

7

**IT IS SO ORDERED.**

                                        **BY THE COURT:**

                                        /s/ Judge John Milton Younge

                                          **Judge John Milton Younge**